IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nathan Thomas,<br><br>        Plaintiff,<br>v.<br><br>Global Lending Services, LLC; and DOES 1-10, inclusive,<br><br>        Defendants. | Civil Action No.: 1:14-cv-7266<br><br>COMPLAINT |

For this Complaint, the Plaintiff, Nathan Thomas, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Nathan Thomas ("Plaintiff"), is an adult individual residing in Berwyn, Illinois, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. The Defendant, Global Lending Services, LLC ("Global"), is a Georgia business entity with an address of Concourse Parkway Northeast, #2925, Atlanta, Georgia 30328, and is a "person" as defined by 47 U.S.C.A. § 153(39).

## FACTS

6. In or around July 2014, Global began placing calls to Plaintiff's cellular telephone, number 312-xxx-5847, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

7. Global placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and by using an artificial or prerecorded voice.

8. Often when Plaintiff answered Global's calls, he was met with a period of silence and would hear a beep, followed by being connected to Global's representative.

9. On some other occasions, when Plaintiff answered Global's calls, he would hear a prerecorded voice prior to being connected to Global's representative.

10. Plaintiff did not provide his cellular phone number on the agreement creating the Debt, nor did he provide Global with prior express permission to place calls to his cellular phone number 312-xxx-5847.

11. Despite lacking Plaintiff's consent, Global placed over fourteen calls to Plaintiff's cellular phone using an automated dialer and/or prerecorded voice.

12. The repeated calls caused Plaintiff significant inconvenience.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer and by using a prerecorded or artificial voice.

2

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

16. Defendants' telephone systems have some earmarks of a Predictive Dialer.

17. Often times when Plaintiff answered the phone, he was met with a short period of silence and would hear a beep before Defendants' telephone system would connect him to the next available representative.

18. Often times when Plaintiff answered the phone, he would hear a prerecorded voice prior to being connected to a live representative.

19. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Without prior consent Defendants contacted the Plaintiff by means of automatic telephone calls and prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

21. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

3. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 18, 2014

Respectfully submitted,

By  /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorney for Plaintiff