## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NATHAN THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-7266 |
| | ) |
| GLOBAL LENDING SERVICES, LLC; and DOES 1-10, inclusive, | ) ) Honorable John J. Tharp Jr. |
| | ) |
| Defendants. | ) |

### GLOBAL LENDING SERVICES, LLC'S
### ANSWER AND DEFENSES TO COMPLAINT

Global Lending Services, LLC ("Global Lending") hereby responds and provides its Answer and Defenses to the Complaint of Plaintiff Nathan Thomas ("Thomas").

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

**ANSWER:** Global Lending admits that Thomas brings this action against it and alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"). Global Lending denies it violated the TCPA and denies any remaining allegations in Paragraph 1.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

**ANSWER:** The allegations in Paragraph 2 are legal conclusions to which no response is required.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**ANSWER:** Global Lending admits it transacts business in this District. The remaining allegations in Paragraph 3 are legal conclusions to which no response is required.

## PARTIES

4. The Plaintiff, Nathan Thomas ("Plaintiff"), is an adult individual residing in Berwyn, Illinois, and is a "person" as defined by 47 U.S.C.A. § 153(39).

**ANSWER:** Global Lending lacks information sufficient to form a belief as to the truth of Thomas' residence or his age and, therefore, denies those allegations. The remaining allegations in Paragraph 4 are legal conclusions to which no response is required.

5. The Defendant, Global Lending Services, LLC ("Global"), is a Georgia business entity with an address of Concourse Parkway Northeast, #2925, Atlanta, Georgia 30328, and is a "person" as defined by 47 U.S.C.A. § 153(39).

**ANSWER:** Global Lending denies that it is a Georgia business entity with an address of Concourse Parkway Northeast, #2925, Atlanta, Georgia 30328. Further answering, Global Lending admits that it is an LLC registered with the State of Delaware. The remaining allegations in Paragraph 5 are legal conclusions to which no response is required.

## FACTS

6. In or around July 2014, Global began placing calls to Plaintiff's cellular telephone, number 312-xxx-5847, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

**ANSWER:** Denied. Further answering, Global Lending admits that Thomas was indebted to Global Lending as a result of a Retail Installment Contract (the "Contract"). Further answering, Global Lending states that Thomas entered into the Contract with Al Piemonte Suzuki, dated April 26, 2014, for the purchase of a 2013 Dodge Avenger (the "Car"), a copy of which is attached hereto as Exhibit A. Pursuant to the terms of the Contract, Thomas promised to make payments under the Contract to Global Lending, who provided the funding for Thomas to purchase the Car. (*See* Contract, Ex. A.) Al Piemonte Suzuki later assigned its right, title and

2

interest in the Car to Global Lending. Global Lending further admits that starting on August 18, 2014, employees of the Global Lending Collections Department manually telephoned Thomas to inquire about the debt Thomas owed Global Lending after Thomas failed to make a single payment. Further answering, Global Lending denies it ever called Thomas at telephone number 312-xxx-5847. Further answering, Global Lending lacks information sufficient to form a belief as to the truth of the allegation that 312-xxx-5847 is a cellular telephone number or a telephone number associated with Thomas. Global Lending has no record of ever calling that telephone number.

7. Global placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and by using an artificial or prerecorded voice.

**ANSWER:** Denied. Further answering, Global Lending denies that it used an automated telephone dialer system or artificial or pre-recorded voice to call Thomas. Further answering, Global Lending states that any telephone calls to Thomas by Global Lending were dialed manually by Global Lending employees.

8. Often when Plaintiff answered Global's calls, he was met with a period of silence and would hear a beep, followed by being connected to Global's representative.

**ANSWER:** Global Lending lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and therefore, Global Lending denies the allegations in Paragraph 8. Moreover, Global Lending did not use an automated system to dial Thomas, and any calls to Thomas by Global Lending were made manually by a Global Lending employee.

9. On some other occasions, when Plaintiff answered Global's calls, he would hear a prerecorded voice prior to being connected to Global's representative.

**ANSWER:** Global Lending lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and therefore, Global Lending denies the allegations

in Paragraph 9. Moreover, Global Lending did not use an automated system to dial Thomas, and any calls to Thomas by Global Lending were made manually by a Global Lending employee.

10. Plaintiff did not provide his cellular phone number on the agreement creating the Debt, nor did he provide Global with prior express permission to place calls to his cellular phone number 312-xxx-5847.

**ANSWER:** Denied. Further answering, Global Lending denies that it placed any calls to Thomas at telephone number 312-xxx-5847, and has no knowledge as to whether this is a telephone number associated with Thomas or whether it is a cellular phone number.

11. Despite lacking Plaintiff's consent, Global placed over fourteen calls to Plaintiff's cellular phone using an automated dialer and/or prerecorded voice.

**ANSWER:** Denied.

12. The repeated calls caused Plaintiff significant inconvenience.

**ANSWER:** Global Lending lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 and, therefore, denies them. Further answering, Global Lending denies that it placed any calls to telephone number 312-xxx-5847.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**ANSWER:** Global Lending incorporates its answers to each of the foregoing paragraphs as though fully set forth herein.

14. At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer and by using a prerecorded or artificial voice.

**ANSWER:** Denied. Further answering, Global Lending denies it placed any calls to Thomas at telephone number 312-xxx-5847 or that it used an automated telephone dialer system or artificial or pre-recorded voice to call Thomas.

15. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." Id. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

**ANSWER:** Paragraph 15 sets forth conclusions of law to which no response is required.

16. Defendants' telephone systems have some earmarks of a Predictive Dialer.

**ANSWER:** Denied.

17. Often times when Plaintiff answered the phone, he was met with a short period of silence and would hear a beep before Defendants' telephone system would connect him to the next available representative.

**ANSWER:** Global Lending lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17, and therefore, Global Lending denies the allegations in Paragraph 17. Moreover, Global Lending did not use an automated system to dial Thomas, and any calls to Thomas by Global Lending were made manually by Global Lending employees.

18. Often times when Plaintiff answered the phone, he would hear a prerecorded voice prior to being connected to a live representative.

**ANSWER:** Global Lending lacks information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18, and therefore, Global Lending denies the allegations in Paragraph 18. Moreover, Global Lending did not use an automated system to dial Thomas, and any calls to Thomas by Global Lending were made manually by a Global Lending employee.

19. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

**ANSWER:** Denied.

20. Without prior consent Defendants contacted the Plaintiff by means of automatic telephone calls and prerecorded messages at a cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:** Denied. Further answering, Global Lending denies it placed any calls to Thomas at telephone number 312-xxx-5847, and has no knowledge as to whether this is a telephone number associated with Thomas or whether it is a cellular phone number.

21. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**ANSWER:** Paragraph 21 sets forth conclusions of law to which no response is required. To the extent a response is required, Global Lending denies the allegations in Paragraph 21.

22. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

**ANSWER:** Paragraph 22 sets forth conclusions of law to which no response is required. To the extent a response is required, Global Lending denies the allegations in Paragraph 22.

23. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**ANSWER:** Paragraph 23 sets forth conclusions of law to which no response is required. To the extent a response is required, Global Lending denies the allegations in Paragraph 23.

## GLOBAL LENDING'S AFFIRMATIVE OR OTHER DEFENSES TO THOMAS' COMPLAINT

Without assuming any burden of proof that it would not otherwise bear, Global Lending asserts the following defenses to the claims against it

### FIRST DEFENSE
### (Failure to State a Claim)

1. Thomas' Complaint fails to state a claim for relief.

2. Thomas alleges that he received auto-dialed, pre-recorded calls on his cellular telephone number 312-xxx-5847 from Global Lending without Thomas' prior written consent. (*See* Complaint, paras. 13-23.)

3. Global Lending never contacted Thomas at telephone number 312-xxx-5847.

4. Any telephone calls between Global Lending and Thomas either were initiated by Thomas or were made by employees in Global Lending's Collection Department who manually telephoned Thomas at telephone numbers provided by Thomas in connection with the purchase of the Car or subsequent conversations between Thomas and Global Lending.

5. No auto-dialing or predictive dialing equipment was used to telephone Thomas.

6. Any telephone calls by Global Lending to Thomas were made to telephone numbers provided with Thomas' prior consent to receive calls from Global Lending on those telephone numbers.

### SECOND DEFENSE
### (Consent)

7. Thomas provided consent and/or prior express permission to receive telephone calls from Global Lending.

8. On April 26, 2014, Thomas completed a credit application to obtain financing for the purchase of a 2013 Dodge Avenger from Al Piemonte Suzuki.

9. Thomas signed and dated the credit application and accepted the terms set forth in the credit application.

10. In applying for the loan, Thomas provided his contact information.

11. Thomas also spoke with Global Lending employees in subsequent telephone conversations and provided contact information and consent to Global Lending to call him.

12. By providing his telephone numbers to Global Lending, Thomas consented to receive telephone calls from Global Lending.

### THIRD DEFENSE
(Estoppel)

13. For its Paragraph 13, Global Lending restates the allegations of Paragraphs 1-12 as though fully set forth herein.

14. Thomas, by reason of his knowledge, statements, conduct, approval, authorization and/or ratification, is estopped from recovery herein.

15. Thomas provided consent and/or prior express permission to be contacted by Global Lending at the telephone numbers he provided on his application and in subsequent conversations with Global Lending.

16. Prior to initiating this lawsuit, Thomas never revoked consent for Global Lending to call him on any of his telephone numbers, including a cellular telephone number, or otherwise complained to Global Lending regarding any telephone calls from Global Lending to him.

17. Thomas is estopped from asserting his claim against Global Lending as a result of his voluntary consent to receive telephone calls from Global Lending, including calls to a cellular telephone number.

## FOURTH DEFENSE
### (Laches)

18. For its Paragraph 18, Global Lending restates the allegations of Paragraphs 1-17, as though fully set forth herein.

19. Thomas' claims are barred, in whole or in part, by operation of the doctrine of laches.

20. Thomas alleges he received telephone calls on a cellular telephone from Global Lending in July, 2014, and thus has known about the potential for his alleged claim since that time. (*See* Complaint, para. 6.)

21. Thomas does not allege he complained or raised any issues regarding receiving telephone calls on his cellular telephone until filing this lawsuit on September 18, 2014, several months later. (*See generally id*.)

22. Nothing prohibited Thomas from filing an action at the time the calls allegedly were made to him to preserve the alleged rights that Global Lending allegedly violated.

## FIFTH DEFENSE
### (Waiver)

23. For its Paragraph 23, Global Lending restates the allegations of Paragraphs 1-22, as though fully set forth herein.

24. Thomas waived any right he had to complain about the acts or omissions alleged in the Complaint.

25. Thomas provided consent and/or prior express permission to receive telephone calls from Global Lending by providing his contact information on his loan application.

26. Despite the allegations contained in his Complaint, Thomas never told Global Lending to stop calling Thomas at any telephone number.

27. By providing his contact information, and failing to request that Global Lending cease contacting him at the provided cellular telephone number, Thomas expressly relinquished any claims he had regarding telephone calls to him by Global Lending.

**SIXTH DEFENSE**
**(Set-off)**

28. For its Paragraph 28, Global Lending restates the allegations of Paragraphs 1-27, as though fully set forth herein.

29. Pursuant to the terms of the Contract, Thomas was required to make monthly payments for the Car beginning June 10, 2014.

30. Thomas failed to make even a single payment due under the Contract.

31. In the event the Court finds Global Lending is liable to Thomas for any amount, Global Lending is not liable for the full amount of Thomas' claims because Global Lending is entitled to set-off amounts due to Global Lending from Thomas pursuant to the Contract that are due and owing.

**RESERVATION OF RIGHTS**

Global Lending reserves its right to assert additional defenses that may be discovered in the course of these proceedings.

WHEREFORE, Defendant Global Lending Services, LLC respectfully requests entry of judgment in its favor on all claims asserted in the Complaint and such further relief as the Court finds just and appropriate.

Date: November 19, 2014					GLOBAL LENDING SERVICES, LLC


							By:	/s/ *Shana A. Shifrin*
								One of Its Attorneys



Shana A. Shifrin (ARDC No. 6279787)
Julie M. Wiorkowski (ARDC No. 6304313)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, Illinois 60611-3607
Telephone:	(312) 840-7000
Facsimile:	(312) 840-7900

## **CERTIFICATE OF SERVICE**

  On November 19, 2014, the undersigned caused the foregoing Global Lending Services, LLC's Answer and Defenses to Complaint to be filed and served electronically with the Northern District of Illinois through the CM/ECF electronic filing system.

                     /s/ *Shana A. Shifrin*